# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

                                       Case No. 10-14411

Zoltan M. Antal and                  Hon. Gerald E. Rosen
Mary Elizabeth Antal,

      Debtors.
_____/

Zoltan M. Antal and
Mary Elizabeth Antal,

                                       Bankr. Case No. 10-53789

      Appellants,                        Chapter 13
                                           Hon. Steven W. Rhodes

v.

Krispen S. Carroll, Chapter 13 Trustee,

      Appellee.
_____/

## OPINION AND ORDER AFFIRMING BANKRUPTCY
## COURT'S ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ October 20, 2011 _____

PRESENT:  Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

## I. INTRODUCTION

In the present appeal arising from a Chapter 13 bankruptcy proceeding,

Debtors/Appellants Zoltan M. and Mary Elizabeth Antal challenge the Bankruptcy

Court's October 23, 2010 order confirming Debtors' third amended Chapter 13 plan. At a

confirmation hearing held on July 21, 2010, the Appellee Chapter 13 Trustee objected to a provision in Debtors' second amended Chapter 13 plan that proposed to re-vest the property of the bankruptcy estate back into the estate upon confirmation of the plan, rather than vesting this property in the Debtors as called for in Debtors' initial Chapter 13 plan.  The Bankruptcy Court sustained the Trustee's objection on the ground that the re-vesting provision would allow Debtors to avoid the consequences of Mr. Antal's failure to seek an extension of the automatic bankruptcy stay under 11 U.S.C. § 362(c)(3)(B), and thus amounted to a bad faith attempt to undermine Congress's intent in enacting this procedure for extending the automatic stay.  Debtors subsequently submitted a third amended plan that omitted the re-vesting provision, and the Bankruptcy Court confirmed this plan over Debtors' objection.  Debtors now appeal, contending that their earlier plan (with its re-vesting provision) should have been confirmed.

Having reviewed the parties' written submissions and the pertinent portions of the record on appeal, the Court finds that oral argument would not significantly aid the decisional process, and that it is appropriate to resolve this appeal on the briefs.  For the reasons set forth below, the Court affirms the Bankruptcy Court's confirmation of Debtors' third amended plan, finding that the Bankruptcy Court did not err in determining that Debtors' second amended plan should not be confirmed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2010, Debtors/Appellants Zoltan M. and Mary Elizabeth Antal, a married couple, filed for Chapter 13 bankruptcy relief.  Although Mary had never before

2

filed for Chapter 13 relief, Zoltan had filed two prior Chapter 13 petitions, and his most recent Chapter 13 case was dismissed on March 15, 2010, just a few weeks before the present filing.

Because of Zoltan's repeat filings, and because only a short time had elapsed between the dismissal of his prior Chapter 13 case and the filing of his and his wife's present Chapter 13 petition, he was subject to the terms of 11 U.S.C. § 362(c)(3)(A), which provides that the automatic stay generally afforded to bankruptcy filers "shall terminate" after 30 days for debtors (such as Zoltan) who file for bankruptcy protection within a year after the dismissal of a prior bankruptcy case. This limited automatic stay may be extended through a motion brought and heard "before the expiration of the 30-day period," 11 U.S.C. § 362(c)(3)(B), but Zoltan sought no such relief from the Bankruptcy Court. As a result, the automatic stay terminated "with respect to [Zoltan] on the 30th day after the filing of" Debtors' present petition, 11 U.S.C. § 362(c)(3)(A), and property and earnings attributable to Zoltan alone – as distinct from property and earnings attributable to Debtors jointly – were no longer protected from creditors.

In an apparent effort to mitigate this development, Debtors and their counsel sought to alter the vesting provisions of their proposed Chapter 13 plan. In particular, while Debtors' initial plan proposed that "[u]pon confirmation of the Plan, all property of the [bankruptcy] estate shall vest in the debtor[s]," (*see* 4/27/2010 Chapter 13 Plan at II(B)), their second amended plan instead proposed that "[u]pon confirmation of the Plan, all property of the estate . . . , which includes all post-petition earnings of the Debtors[,]

3

***shall remain in the estate and shall not vest in the debtors*** until the case is dismissed or discharged," (*see* 7/4/2010 Second Amended Chapter 13 Plan at II(B) (emphasis added)). As Debtors explain in their brief on appeal, this amended vesting provision was intended to take advantage of the automatic stay that continued to exist post-confirmation as to the property of the estate, if not the property traceable to Zoltan alone.  Under Debtors' view of their proposed vesting provision, "so long as [Zoltan's] property is part of that estate, it is protected from attempts to garnish, seize, repossess or foreclose," (Appellants' Br. at 11), and this would remain true until Debtors completed their repayment plan and exited bankruptcy with their debts discharged.

The Chapter 13 Trustee, however, objected to this amended vesting provision, arguing that it would contravene the spirit, if not the letter, of 11 U.S.C. § 362(c)(3).  In particular, given that Congress evidently intended to discourage repeat filings by terminating the automatic stay after 30 days unless certain statutory standards are met, and given that Zoltan (a repeat filer) had not satisfied these standards (or even attempted to do so), the Trustee reasoned that Zoltan should not be permitted to attain the practical effect of a continued automatic stay through means other than those expressly specified under § 362(c)(3)(B).  At a July 21, 2010 hearing, the Bankruptcy Court adopted this line of reasoning and sustained the Trustee's objection.  (*See* 7/21/2010 Bankr. Ct. Hearing Tr. at 15.)

In light of the Bankruptcy Court's ruling, Debtors submitted a third amended Chapter 13 plan that did not include the provision re-vesting property in the bankruptcy

4

estate.  The Bankruptcy Court then entered an order confirming this third amended plan over Debtors' objection.  Debtors now appeal, arguing that the Bankruptcy Court erred in sustaining the Trustee's objection and refusing to confirm their second amended plan.

### III. <u>ANALYSIS</u>

**A.    The Standards Governing This Appeal**

In the present appeal, Debtors challenge the Bankruptcy Court's confirmation of their third amended Chapter 13 plan, after the court had rejected their proposed second amended plan on the ground that its re-vesting provision sought to circumvent the mechanism established under § 362(c)(3) for extending the 30-day automatic stay granted to repeat filers.  Whether a Chapter 13 plan has been proposed in good faith is a question of fact that is reviewed for clear error.  *Hardin v. Caldwell (In re Caldwell),* 851 F.2d 852, 858 (6th Cir. 1988).  Clear error creates in the reviewing court a "definite and firm conviction that a mistake has been committed;" it is not enough the reviewing court "would have decided the case differently."  *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S. Ct. 1452, 1458 (2001) (internal quotation marks and citations omitted); *see also Crocker v. Braid Electric Co. (In re Arnold),* 908 F.2d 52, 55 (6th Cir. 1990).  Finally, to the extent that the Bankruptcy Court's ruling rests upon questions of law — *e.g.,* the proper interpretation of § 362(c)(3) — this Court reviews *de novo* the Bankruptcy Court's resolution of such legal issues.  *See First National Bank of Barnesville v. Rafoth (In re Baker & Getty Financial Services, Inc.)*, 974 F.2d 712, 717 (6th Cir. 1992).

**B.    The Bankruptcy Court Did Not Clearly Err in Declining to Confirm Debtors'**

5

**Proposed Chapter 13 Plan on the Ground That It Sought to Circumvent the Requirements for a Repeat Filer to Extend the Automatic Stay.**

In their briefs on appeal, the parties devote most of their attention to the question whether the device chosen by Debtors in their proposed second amended Chapter 13 plan would have been effective to achieve the result they desired.  In particular, Debtors read § 362(c)(3)(A) — and, specifically, its language providing that for repeat filers, the automatic stay terminates after 30 days "with respect to the debtor," 11 U.S.C. § 362(c)(3)(A) — as establishing a 30-day limit to the automatic stay only as to the property of the repeat-filing debtor, and not the property of the bankruptcy estate.  It follows, in their view, that if a Chapter 13 plan provides that a debtor's property remains vested in the estate, and not in the debtor — as Debtors sought to do in their proposed second amended plan — this property retains the benefit of the automatic stay, which would be lost if the property were instead vested in the repeat-filing debtor.  The Chapter 13 Trustee, in contrast, argues that "[t]here is only one automatic stay," (Appellee's Br. at 8), so that the property of the repeat-filing debtor (such as Zoltan here) loses the benefit of the automatic stay after 30 days, regardless of whether a Chapter 13 plan calls for his property to remain in the estate or to vest in the debtor.  As discussed below, the Court finds it unnecessary to resolve this question of statutory interpretation, because even if Debtors' proposed plan would have achieved the result they desired, the Bankruptcy Court had a proper basis for declining to confirm it.

As a threshold matter, it seems clear that Debtors were permitted under the

6

Bankruptcy Code to fashion a Chapter 13 plan that continued to vest property in the estate, rather than in themselves.  While the confirmation of a plan ordinarily "vests all of the property of the estate in the debtor," this usual result may be altered if "otherwise provided in the plan or the order confirming the plan."  11 U.S.C. § 1327(b).  Moreover, a Chapter 13 plan may "provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor *or in any other entity,"* 11 U.S.C. § 1322(b)(9) (emphasis added), and the bankruptcy estate is a distinct legal entity, *see* 11 U.S.C. 541(a); *see also Farmer v. Crocker National Bank (In re Swift Aire Lines, Inc.),* 30 B.R. 490, 495 (B.A.P. 9th Cir. 1983).  Further, while the issue is not altogether free from debate, it appears that the bankruptcy estate does not cease to exist at confirmation, but continues until the case is closed, dismissed, or converted.  *See* 11 U.S.C. § 1306(a)(2); *see also Barbosa v. Solomon,* 235 F.3d 31, 36-37 (1st Cir. 2000).

Next, while the Court need not weigh in on this question, Debtors' reading of § 362(c)(3) enjoys support in the case law.  Citing the language in § 362(c)(3)(A) providing that the automatic stay terminates after 30 days "with respect to the debtor," a majority of courts have held that this provision does not terminate the automatic stay in its entirety — *i.e.,* as to property of both the debtor and the bankruptcy estate — but that the stay instead remains in place as to the property of the estate.  *See, e.g. Jumpp v. Chase Home Finance, LLC (In re Jumpp),* 356 B.R. 789, 791-97 & n.3 (B.A.P. 1st Cir. 2006) (adopting this reading of the statute, and collecting cases from the "majority of courts" that have held likewise); *but see In re Daniel,* 404 B.R. 318, 321-29 (Bankr. N.D. Ill. 2009) (adopting

7

the contrary view that § 362(c)(3)(A) terminates the automatic stay as to both the property of the debtor and estate property). Assuming, without deciding, that the majority reading of § 362(c)(3) is correct, Debtors here could have retained the protection of the automatic stay despite Zoltan's repeat-filer status by re-vesting the property of the estate back into the estate upon plan confirmation, rather than vesting this property in themselves in accordance with the usual practice.[1] And, of course, this is precisely what they sought to do in their proposed second amended plan.

Nonetheless, while Debtors go to great lengths to argue that this proposed plan was permissible and would have achieved the result they desired, they have much less to say about the question before this Court — namely, whether the Bankruptcy Court acted properly in declining to confirm Debtors' proposed plan. Arguably, by contending only that their proposed plan was "permissible," (Appellants' Br. at 9), but failing to address the question whether the Bankruptcy Court could properly have refused to confirm their plan even if it *was* permissible, Debtors have failed to challenge the Bankruptcy Court's

---

[1]As noted earlier, Zoltan also could have sought to retain the protection of the automatic stay through a more direct method — namely, by bringing a motion for continuation of the automatic stay. *See* 11 U.S.C. § 362(c)(3)(B). Yet, as a repeat filer, Zoltan could secure this continued stay only by affirmatively demonstrating that the filing of his latest Chapter 13 petition was "in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B). Moreover, this same Bankruptcy Code provision establishes a presumption, under certain circumstances, that a repeat-filer's petition is *not* filed in good faith, *see* 11 U.S.C. § 362(c)(3)(C), and Debtors' counsel acknowledged at the July 21, 2010 hearing before the Bankruptcy Court that this presumption would have applied as to Zoltan, (*see* 7/21/2010 Hearing Tr. at 8). This presumption may be rebutted through "clear and convincing evidence," 11 U.S.C. § 362(c)(3)(C), but Zoltan made no effort to marshal any such evidence in support of a motion to extend the automatic stay. Instead, Debtors chose to pursue the re-vesting mechanism now under consideration before this Court.

ruling on this dispositive point, and the decision of the court below could be affirmed on this basis alone.  *See B & H Medical, L.L.C. v. ABP Administration, Inc,* 526 F.3d 257, 265 (6th Cir. 2008).[2]  Upon undertaking its own inquiry on this point, however, the Court is satisfied that there was a sufficient basis in the record and in the applicable Bankruptcy Code provisions for the Bankruptcy Court to have declined to confirm Debtors' proposed plan.

Under the pertinent Bankruptcy Code provision, a bankruptcy court "shall confirm" a Chapter 13 plan if, *inter alia,* the debtor proposes the plan "in good faith and not by any means forbidden by law," and the "action of the debtor in filing the [underlying Chapter 13] petition was in good faith."  11 U.S.C. §§ 1325(a)(3), (a)(7).  The determination of good faith under the statute "requires an inquiry into all the facts and circumstances of a debtor's proposed plan."  *In re Caldwell,* 851 F.2d at 858 (internal quotation marks and citation omitted).  "[W]hether the debtor is attempting to abuse the spirit of the Bankruptcy Code[] is a legitimate factor to consider."  *In re Caldwell,* 851 F.2d at 859 (internal quotation marks and citation omitted).  More generally, the assessment of the debtor's good faith "should be left simply to the bankruptcy court's common sense and judgment."  851 F.2d at 858-59.

The record here provides no basis for concluding that the Bankruptcy Court erred

---

[2]In fairness, the appellate brief of the Chapter 13 Trustee, like Debtors' briefs on appeal, focuses almost all of its attention on the permissibility of Debtors' proposed second amended plan and the effectiveness of the mechanism adopted in this plan, while addressing only in passing the question whether the Bankruptcy Court could properly have declined to confirm this plan.

— much less clearly erred, *see In re Caldwell,* 851 F.2d at 858 — in its determination that Debtors' second amended plan was not proposed in good faith, and thus should not be confirmed. At the July 21, 2010 hearing addressing this proposed plan and the Chapter 13 Trustee's objections, the Bankruptcy Court plainly evidenced its concern that Zoltan had not sought to retain the protection of the automatic stay through the direct route of filing a motion under § 362(c)(3)(B) to extend this stay. (*See* 7/21/2010 Hearing Tr. at 8-10.) Moreover, the Bankruptcy Court observed — and Debtors' counsel conceded — that, had Zoltan filed such a motion, he would have been required to produce evidence to overcome a statutory presumption that his latest Chapter 13 petition had not been filed in good faith. (*See id.* at 8.) In the Bankruptcy Court's view, then, Zoltan sought to "escape that presumption by not filing a motion," which seemingly would "circumvent[] . . . the clear procedures that Congress set forth to obtain the benefit of the stay in Section 362(c)(3)." (*Id.* at 8, 15.)

These findings by the Bankruptcy Court amply support its decision not to confirm Debtors' proposed second amended plan. As stated earlier, this decision is entitled to deference, and a debtor's "attempt[] to abuse the spirit of the Bankruptcy Code" is a "legitimate factor" for the Bankruptcy Court to consider in assessing the good faith with which a debtor has proposed a Chapter 13 plan. *In re Caldwell,* 851 F.2d at 858-59 (internal quotation marks and citation omitted). The Bankruptcy Court perceived such an attempt to circumvent the Code here, and properly relied on this consideration in declining to confirm Debtors' proposed plan.

10

Moreover, in determining whether to confirm a proposed Chapter 13 plan, the Bankruptcy Court is expressly authorized to consider whether "the action of the debtor in filing the [underlying Chapter 13] petition was in good faith." 11 U.S.C. § 1325(a)(7). As Debtors and their counsel have acknowledged, Zoltan faced a statutory presumption under § 362(c)(3)(C) that his latest Chapter 13 petition was ***not*** filed in good faith. To be sure, it is open to debate whether this presumption applies only in the specific context of a repeat-filer's motion under § 362(c)(3)(B) for continuation of the automatic stay, as opposed to the context of a § 1325(a) inquiry whether to confirm a plan. Yet, a Bankruptcy Court surely is free to find a lack of good faith even in the absence of a statutorily mandated presumption. More to the point, the record in this case supports such a finding, where Debtors and their counsel failed to pursue an available statutory avenue — *i.e.,* a motion under § 362(c)(3)(B) — for demonstrating Zoltan's good faith in filing his latest Chapter 13 petition. Accordingly, the Bankruptcy Court did not clearly err in declining to confirm Debtors' second amended Chapter 13 plan.

## IV. <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's October 23, 2010 order confirming Debtors' third amended Chapter 13 plan and its prior July 21, 2010 ruling sustaining the Chapter 13 Trustee's objection to Debtors' second amended plan are AFFIRMED in all respects.

11

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  October 20, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

12